Jackey L. BOND, Plaintiff–Appellant,

v.

Sergeant Eric LITTLE, et al.,
Defendants–Appellees.

No. 01–1482.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Nov. 20, 2002.

Before Hon. FAIRCHILD, Hon. TERENCE T. EVANS, and Hon. WILLIAMS, Circuit Judges.

ORDER

Inmate Jackey Bond filed a *pro se* 42 U.S.C. § 1983 complaint against numerous Illinois Department of Corrections officials and employees for alleged violations of his First, Eighth, and Fourteenth Amendment rights. The district court dismissed the complaint for failure to state a claim on the basis of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Bond appeals only the district court's dismissal of his procedural due process claims that the defendants prevented him from presenting witnesses at a disciplinary hearing and from receiving proper review upon appeal. Because granting Bond's requested relief would overturn the outcome of the disciplinary proceeding, *Heck* and its progeny require that we affirm.

On January 7, 1999, Corrections Officer Bunn submitted a disciplinary report, alleging that Bond had spat at him and threatened him. After being served with the report, Bond claims that he twice requested in writing that two witnesses testify at the hearing–once by submitting a witness request slip to Corrections Officer Gapinski, who reported to Bond that he placed the slip in the institutional mail, and again in a letter to the warden, dated January 10, 1999. Bond alleges that he also verbally requested the opportunity to present witnesses when he went before the Adjustment Committee on January 12, 1999. The written record from the hearing, however, states that Bond did not request witnesses. The Committee found Bond guilty of the alleged charges, but upon review the Chief Administrative Officer reduced the Committee's recommended punishment to the loss of three months good-time credit, six-months in segregation, a grade-level demotion, and a prison transfer. Bond appealed to the Administrative Review Board. At the Review Board meeting, only one of the required two members was present. Bond alleges that he objected to this, but the Board's report notes that Bond did not object to the incomplete panel. The Board affirmed the finding of guilt and upheld the disciplinary decision. Bond makes no

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

claim that the disciplinary decision has been vacated.

In this lawsuit challenging the procedures used to deprive him of his good-time credits, Bond seeks the reinstatement of his lost good time, restoration to his prior grade level, and compensatory and punitive damages for the violation of his rights. The district court dismissed with prejudice his due process claims regarding his inability to call witnesses during the disciplinary hearing and the improper procedures on administrative appeal for failure to state a claim under *Heck*.

On appeal Bond argues that the district court improperly dismissed his claims because his due process rights were violated by the defendants when they prevented him from presenting witnesses at the disciplinary hearing and from receiving an appeal by a full Review Board. We review a district court's dismissal for failure to state a claim *de novo*, viewing the facts in the light most favorable to the non-moving party. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir.2002). A dismissal is appropriate if the plaintiff can prove no set of facts entitling him to relief. *Id.*

We begin with a couple of familiar propositions. A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 648,

117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Prieser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Prisoners like Bond who want to challenge administrative orders revoking good-time credits must seek habeas corpus relief because they are contesting the duration of their custody. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486–87. To the extent that Bond seeks damages for the loss of good-time credits in his prison disciplinary hearing, that claim is not cognizable under § 1983 unless his disciplinary conviction has been overturned. *Edwards*, 520 U.S. at 644–45 (extending *Prieser* and *Heck* to cover a § 1983 damages action for procedural violations allegedly committed in a prison disciplinary hearing that deprived the prisoner of good-time credits); *Heck*, 512 U.S. at 487; *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir.2000). Because Bond has not had his disciplinary conviction set aside, a § 1983 claim is not the proper mechanism to remedy the alleged violations of his rights, and his due process claims were properly denied.

AFFIRMED.